**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

JEROME JEWETT JOHNSON, SR., #18335-057,

        Petitioner,

v.                                    ACTION NO.
                                      2:04cv605

VANESSA P. ADAMS, Warden,

        Respondent.


**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2241. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.


**I. STATEMENT OF THE CASE**

**A. Background**

Petitioner Jerome Jewett Johnson ("Johnson") was convicted in the United States District Court for the Middle District of North Carolina of two counts of Interstate Travel or Transportation in Aid of Racketeering Enterprise. He was sentenced on August 30, 1996, to a term of ten years imprisonment.

On October 12, 2004, while in the custody of the Federal Bureau of Prisons in F.C.I.

Petersburg in Petersburg, Virginia, Johnson filed this petition for writ of habeas corpus pursuant to

28 U.S.C. § 2241, alleging the Federal Bureau of Prisons miscalculated his good conduct time.

Subsequently, Johnson was transferred to the Salvation Army Community Confinement Center in

Winston-Salem, North Carolina.

On May 27, 2005, respondent filed a Motion to Stay the Proceedings pending the Fourth

Circuit Court of Appeal's ruling in Yi v. Federal Bureau of Prisons, 412 F.3d 526 (2005), concerning

the proper calculation of good conduct time. Accordingly, the case was stayed until June 17, 2005,

the date of the Fourth Circuit's ruling, and an answer was filed on July 20, 2005. On July 21, 2005,

Johnson was released from imprisonment.

## B. Grounds Alleged

Johnson asserts he is entitled to relief under 28 U.S.C. § 2241 because the Federal Bureau

of Prisons incorrectly calculated his good conduct time.

Johnson was serving a ten year sentence, and his full term would have expired on November

3, 2006. The Bureau of Prisons projected that Johnson would earn 470 days of good conduct time,

which would adjust his release date to July 21, 2005. See Sentence Monitoring Computation Data

attached to Response. Johnson argues 18 U.S.C. § 3624(b) mandates that the Bureau of Prisons

award him 54 days of good conduct time for each year of his term of imprisonment, based upon the

length of the sentence imposed rather that the actual time served toward the sentence. Johnson

asserts his ten-year sentence should yield him 540 days of good conduct time, rather than the 470

days calculated by the Bureau of Prisons.

## II. <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

Johnson was released from the Federal Bureau of Prisons on July 21, 2005. Therefore his petition requesting a different calculation of his good conduct time is moot.[1]

Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. <u>See</u> U.S.C.A. Const. art. III, § 2, cl. 1; <u>see also</u>, <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477 (1990) (citations omitted). In order to satisfy this requirement, a plaintiff must suffer or be threatened with an actual injury that is traceable to the defendant. The parties must maintain a personal stake throughout the litigation, where a favorable decision would likely redress the injury. <u>See</u> <u>Lewis</u>, 494 U.S. at 477-78.

The mootness doctrine stems from this Article III requirement. <u>See</u> <u>Western Oil and Gas Ass'n v. Sonoma County</u>, 905 F.2d 1287, 1290 (9th Cir. 1990) (citing <u>Regional Rail Reorganization Act Cases</u>, 419 U.S. 102, 138 (1974)). In general, an action is moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." <u>Murphy v. Hunt</u>, 455 U.S. 478, 481 (1982) (per curiam) (citations omitted). A mootness inquiry asks "whether there is anything left for the court to do." <u>Western Oil and Gas Ass'n</u>, 905 F.2d at 1290 (quoting Wright, Miller & Cooper, Federal Practice and Procedure, § 3532.1 (2d ed. 1984)).

In this case, Johnson's claim is clearly moot. Johnson challenges the prison's calculation of good conduct time. His only request for relief is a finding that the prison's calculation was incorrect, which would result in an additional 70 days of good conduct time, reducing his term of imprisonment. Yet, because Johnson was released from the Federal Bureau of Prisons on July 21,

---

[1]     Further, the Fourth Circuit found the Bureau of Prison's interpretation of 18 U.S.C. § 3624, and resulting computation of good conduct time, are reasonable and entitled to deference. <u>Yi v. Federal Bureau of Prisons</u>, 412 F.3d 526 (2005).

2005, the Article III case-or-controversy requirement cannot be satisfied, as there is clearly nothing "left for the court to do."

### III. <u>RECOMMENDATION</u>

For the foregoing reasons, the Court recommends that Johnson's petition for writ of habeas corpus be DENIED.

Johnson has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322 (2003).

### IV.  <u>REVIEW PROCEDURE</u>

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, <u>see</u> 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/

Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia

October 12, 2005

## **CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:


Jerome Jewett Johnson, Sr., #18335-057
Salvation Army Community Confinement Center
1255 North Trade Street
P.O. Box 1205
Winston-Salem, NC 27102

[and last known address]



Joel E. Wilson, Esq.
United States Attorney's Office
Suite 8000
Norfolk, VA 23510



Elizabeth H. Paret, Clerk



By _____
      Deputy Clerk

October   , 2005